IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JORGE ALBERTO JIMENEZ, et al.** | § | |
| | § | |
| **VS.** | § | **NO. A-15-CV-025 LY** |
| | § | |
| **VYHNALEK TRUCKING, et al.** | § | |

## ORDER

Before the Court are: Plaintiffs' Motion for Entry of Protective Order (Dkt No. 43); Defendants' Response (Dkt. No. 50); Plaintiffs' Reply (Dkt. No. 53); Defendants' Motion to Compel Deposition Responses (Dkt. No. 47); Defendants' Motion to Compel Plaintiffs' Depositions (Dkt. No. 48); and Defendants' Motion for Sanctions (Dkt. No. 49). The Court held a hearing on all of the motions on December 11, 2015.

### I. Background

This is a case seeking damages for personal injuries allegedly suffered as a result of a collision between a truck and a passenger vehicle on IH-35 near Cesar Chavez. The motions before the Court all arise out of a deposition of one of the Plaintiffs that took place on December 3, 2015. At the deposition, counsel argued about proper lines of questioning of the witness, the propriety of certain objections, and alleged witness "coaching." Defendants' counsel ultimately prematurely ended the deposition and cancelled the depositions of the other Plaintiffs (which were scheduled to take place that day and the successive days), asserting he could not move forward without a court order.

Plaintiffs responded by requesting a protective order, preventing defense counsel from inquiring of any of the Plaintiffs about certain topics: (1) the circumstances relating to retention of their current counsel; (2) the amount of money requested by Plaintiffs as non-economic damages;

and (3) questions regarding the contents of documents not tendered to the witness.  Plaintiffs assert these lines of questioning are improper under Rule 26(c) because they are intended to annoy, embarrass, oppress or unduly burden the witnesses.

Defendants assert that because Plaintiffs' counsel was improperly coaching the witness during the deposition, counsel had no choice but to suspend the deposition and reserve questions, awaiting a ruling from the Court.  Defendants assert that the three lines of questioning Plaintiffs object to are proper under Rule 26—especially so in light of the large amount of damages requested.  They also argue that discovery need not be admissible, and that the circumstances of this case merit a broad scope of discovery.  Defendants separately move to compel Jorge Alberto Jimenez to respond to the three areas addressed by the Plaintiffs' motion for protective order, because he was instructed not to respond at his deposition on December 3, 2015.  Finally, Defendants ask the Court to order the depositions of the remaining Plaintiffs, along with Mr. Jorge Alberto Jimenez, to take place in mid-January at Defendants' counsel's Austin office.  Defendants also move for sanctions in the amount of $1,910.04, plus time for the December 11, 2015 hearing.

## II.   Order

As the Court admonished the attorneys at the hearing today, these motions should not have been necessary.  The Court reminds counsel that they are to conduct themselves civilly and in accordance with the Texas Disciplinary Rules of Professional Conduct, as well as the Texas Lawyer's Creed.  The lawyers in this case are experienced litigators, and the Court will hold them to high professional standards. Further, the Court encourages the attorneys to go further than these requirements, and to treat each other professionally, making every attempt to resolve disputes without the court's intervention when possible.  In that regard, with the goal of simplifying the

resolution of discovery disputes, the parties are hereby PROHIBITED from filing any further motions concerning discovery without prior approval from the Court. Instead, should additional discovery issues arise, the parties shall contact the Court's law clerk in this matter at (512) 916-5744, and the Court will assist the parties to see if the dispute can be resolved without the filing of a motion. If a motion is required after this step, then the Court will permit it.

ACCORDINGLY, Plaintiffs' Motion for Protective Order (Dkt. No. 43) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to questions to the Plaintiffs about reasons for changing counsel. It is also GRANTED as to questions regarding whether a plaintiff has obtained medical care other than what is reflected in medical records produced for the Plaintiff, unless the contents of the medical records are identified or proffered to the witness. The motion is DENIED as to questions regarding what amount of money, if any, a Plaintiff will request that the jury award him or her for non-economic damages. Defendants' Motion to Compel Plaintiff's Deposition Responses (Dkt. No. 47) is GRANTED IN PART and DENIED IN PART consistent with these rulings just stated.

In light of counsels' representations at the hearing that they would re-schedule the Plaintiffs' depositions by agreement in January, Defendants' Motion to Compel Plaintiffs' Depositions (Dkt. No. 48) is DENIED AS MOOT. Defendants' Motion for Sanctions (Dkt. No. 49) is DENIED.

SIGNED this 11th day of December, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE